IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DOUG FRAZEE<br><br>*Plaintiff,*<br><br>v.<br><br>REYNOLDS ENERGY SERVICES, LLC<br><br>*Defendant.* | Civil Action No. 17-479 |

COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Doug Frazee ("Plaintiff") files this Fair Labor Standards Act ("FLSA") lawsuit against Reynolds Energy Services, LLC ("Defendant") and in support shows the Court and jury as follows:

### I. INTRODUCTORY STATEMENT

1. Congress passed the FLSA in 1938 in an attempt to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living. The FLSA seeks to achieve these goals by providing a minimum wage, the prohibition of more than forty (40) hours in a week without the payment of a premium or "overtime," as well as other protections for employees. The FLSA did not prohibit overtime, but rather, by imposing a premium rate for overtime, the FLSA discouraged working hours in excess of forty (40) hours in a week. *See Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 577-78 (1942).

2. However, Defendant attempted to circumvent the FLSA by failing to pay Plaintiff at time-and-one-half his regular rate for any hours where Plaintiff worked longer than forty (40) hours in a single workweek. Instead, Defendant paid Plaintiff straight time for all hours worked including all hours over forty (40) in a single workweek.

## II.  PARTIES

3. Plaintiff, Doug Frazee, is an individual, who was employed by Defendant within the three (3) years preceding the filing of this lawsuit.

4. Mr. Frazee's consent is attached as "Exhibit A." All pleas, pleadings, motions, discovery and other matters related in whole or in part to this case should be served on Plaintiff's attorney, Mr. Drew N. Herrmann with Herrmann Law, PLLC, 777 Main St., Suite 600, Fort Worth, Texas 76102.

5. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

6. Defendant, Reynolds Energy Services, LLC ("Reynolds") is a Texas Limited Liability Company. Reynolds can be served with process by serving its registered agent Ronald Bair, 14711 Pebble Bend, Houston, Texas 77068 or wherever he may be found. Upon information and belief, Reynolds is an employer with respect to Plaintiff.

## II.  JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over Plaintiff's claim because

the FLSA arises under federal law. Jurisdiction is conferred upon the Court by sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217, and by 28 U.S.C. §§ 1331 and 1345.

8. This Court has personal jurisdiction over the parties because Defendant is located in Texas, doing business in Texas, and employing Texas residents to work at Defendant's Texas business location.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) insofar as Defendant has its principal office in this Judicial District.

### III. FLSA STATUTORY COVERAGE

10. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

12. At all material times hereinafter mentioned, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

13. At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than

$500,000.

14. During the relevant period, Defendants have willfully violated and are violating Section 207 of the FLSA, by employing employees, including Plaintiff, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, and not compensating Plaintiff in accordance with the overtime cited therein.

**IV. FACTUAL ALLEGATIONS RELATING TO FLSA VIOLATIONS**

15. Defendant's gross receipts exceeded $500,000, separately, in each calendar year for the years 2014, 2015, and 2016.

16. Defendant's gross receipts exceeded $500,000, cumulatively, for the four quarters prior to the filing of this lawsuit.

17. Plaintiff was employed by Defendant to perform various tasks and job duties many of which required Plaintiff to operate a half (½) ton pickup truck.

18. Plaintiff regularly worked over forty (40) hours in a single workweek.

19. However, Defendant paid Plaintiff straight time for all hours worked including hours over forty (40) hours in a single workweek.

20. In other words, Defendant failed to pay Plaintiff time-and-one-half his regular rate of pay for the hours that he worked over forty (40) in a single workweek.

21. At all times relevant, Plaintiff was an employee as that term is defined by the FLSA and relevant case law. *See e.g.* 29 U.S.C §203(e)(1), *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 112 S. Ct. 1344 (1992).

22. Moreover, during his employment with Defendant, Plaintiff regularly

drove a vehicle weighing less than 10,000 pounds as part of his job duties.

23. Defendant's method of paying Plaintiff in violation of the FLSA was not based on good faith and reasonable belief that its conduct complied with the FLSA.

24. Defendant is an employer subject to the provisions of the FLSA and therefore violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendants failed to maintain a weekly record of hours worked, failed to record overtime hours, i.e., hours worked more than forty hours in a workweek, and failed to record the correct overtime rate of pay for such hours.

V. **CAUSE OF ACTION: FAILURE TO OVERTIME IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

25. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

26. During the relevant period, Defendants have violated and are violating the provisions of Section 7 of the FLSA, 29 U.S.C. § 207, and 215(a)(2), by not compensating Plaintiff at one-and-a-half times his regular rate for hours worked over forty (40) in a single workweek.

27. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the overtime rate are applicable to Defendants or Plaintiff.

28. Defendants' method of paying Plaintiff in violation of the FLSA was not based on good faith and reasonable belief that its conduct complied with the FLSA and thus are liable for an amount of liquidated damages pursuant to Section 216 of the FLSA.

## VI. DAMAGES SOUGHT

29. Plaintiff is entitled to recover compensation for the hours worked for which Plaintiff was not paid at the overtime rate. *See* 29 U.S.C. § 207.

30. Plaintiff is also entitled to an amount equal to all of the unpaid wages and fees as liquidated damages as Defendant's actions were not based upon good faith. See 29 U.S.C. § 216(b).

31. Plaintiff is also entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## VII. JURY DEMAND

32. Plaintiff requests trial by jury.

## VIII. PRAYER

33. Plaintiffs prays for judgment against Defendant as follows:

   a. For an Order pursuant to Section 216(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

   b. For an Order awarding Plaintiff his attorneys' fees; and

   c. For an Order awarding Plaintiff the costs of this action; and

d.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By */s/ Drew N. Herrmann*
Drew N. Herrmann
Texas Bar No. 24086523
drew@herrmannlaw.com

**HERRMANN LAW, PLLC**
777 Main St., Suite 600
Fort Worth, Texas 76102
(817) 479-9229 – telephone
(817) 260-0801 – fax
ATTORNEY FOR PLAINTIFF

# Exhibit A

DocuSign Envelope ID: 72DF42AE-EF33-4B5E-BD46-37D38132AA02

## Notice of Consent

      I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages from my former employer(s).

_____      5/9/2017
**Signature**                                                                      **Date**

Doug Frazee

_____
**Printed Name**

Exhibit A